UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WESLEY S. RICKS** | **CIVIL ACTION NO. 21-0831** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **DARREL VANNOY** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Petitioner Wesley S. Ricks, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 29, 2021. Petitioner attacks his rape and cruelty-to-juveniles convictions, as well as the twenty-year and life-without-parole sentences imposed by the Fourth Judicial District Court, Parish of Morehouse.[1] Petitioner also moves for miscellaneous forms of relief pertaining to the merits of his claims. [doc. #s 12, 14, 15, 18, 19, 22, 23, 24, 25, 26, 27, 33, 34, 35, 38].

For reasons below, it is recommended that the Court dismiss the petition as untimely and deny the remaining motions as moot.

### Background

On January 31, 2014, a jury found Petitioner guilty of multiple counts of aggravated rape and cruelty to juveniles. [doc. # 6, p. 1]. On April 8, 2014, the trial judge sentenced Petitioner to "life without parole; life without parole; and twenty years [sic]." *Id.*

Petitioner appealed. *Id.* at 2. On January 14, 2015, the Court of Appeal of Louisiana, Second Circuit affirmed Petitioner's convictions and sentences. *Id.*; *State v. Ricks*, 194 So. 3d

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

614, 626 (La. Ct. App. 2015), *writ not considered sub nom. State ex rel. Ricks v. State*, 208 So. 3d 383 (La. 2016).

Petitioner maintains that he did not seek further review by a higher state court. [doc. # 6, p. 2]. However, a search of the presumptively reliable public record reveals that Petitioner applied for writ of certiorari and/or review before the Supreme Court of Louisiana. *State ex rel. Ricks v. State*, 208 So. 3d 383 (La. 2016). On November 7, 2016, the Supreme Court of Louisiana declined to consider the writ, reasoning, "Untimely filed pursuant to La. S. Ct. Rule X § 5." *Id.* Petitioner did not seek further review before the United States Supreme Court. [doc. # 6, p. 3].

On August 7, 2015, Petitioner applied for post-conviction relief before the trial court. *Id.* The trial court denied the application on an unknown date. *Id.* The Second Circuit Court of Appeal denied Petitioner's subsequent appeal. *See State ex rel. Ricks v. State*, 222 So. 3d 718 (La. 2017) (recounting procedural history). On August 4, 2017, the Supreme Court of Louisiana denied Petitioner's application for supervisory and/or remedial writs, opining:

> Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. C. Cr. P. art. 930.4 and within the limitations period as set out in La. C. Cr. P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La. C. Cr. P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.

*Id.*

On September 22, 2020, Petitioner filed a second application for post-conviction relief before the trial court. [doc. # 6, p. 4]. The court denied the application on September 24, 2020.

2

[doc. #s 6, p. 4; 6-1, p. 2]. The Second Circuit Court of Appeal denied Petitioner's subsequent appeal on November 18, 2020. [doc. # 6-1, p. 5]. The Supreme Court of Louisiana denied Petitioner's application for supervisory writ on March 23, 2021. *Id.* at 6.

Petitioner filed this proceeding at the earliest on March 29, 2021. [doc. # 1, p. 1]. He raises two claims: (1) that he was unable to testify because his indictment unconstitutionally joined a capital and non-capital offense; and (2) his appellate counsel rendered ineffective assistance by failing to raise the aforementioned claim on appeal. [doc. # 6, pp. 5, 7].

## **Law and Analysis**

Title 28, United States Code, Section 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.

As to subsection "D," Petitioner does not contend that "the factual predicate of the claim

3

or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final. While Petitioner does argue that he lacked knowledge of the claims in this petition until he spoke to a "jailhouse lawyer" in 2020, [doc. # 6, p. 14], he does not argue that he lacked knowledge of the *factual predicate* of the claims until after his judgment became final. Rather, he suggests that in 2020, the 'jailhouse lawyer' informed him of the *legal basis* for his claims. Such an argument does not state a basis for application of Subsection D. *See Manning v. Epps,* 688 F.3d 177, 190 (5th Cir. 2012) ("Manning's argument would require us to hold that a petitioner's statute of limitations does not begin to run on any of his claims until he has discovered every conceivable claim for federal habeas corpus relief. He cites no support for this untenable theory.").

Petitioner does not mention subsection "B" or otherwise argue that the State impeded him from filing this petition.[2]

Consequently, the general rule under subsection "A" applies. The one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). When a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Here, the Second Circuit Court of Appeal affirmed Petitioner's conviction and sentence

---

[2] See *Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that, because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

on January 14, 2015,[3] and mailed notice of the judgment the same day.[4] Under Louisiana Supreme Court Rule X, § 5(a), an applicant has thirty days from the mailing of the notice of the original judgment of the court of appeal to apply to the Louisiana Supreme Court for review of a judgment of the court of appeal. Here, Petitioner had until February 13, 2015, to file an application before the Louisiana Supreme Court.

As noted, Petitioner maintains that he did not seek further review by a higher state court. [doc. # 6, p. 2]. The public record reveals otherwise, showing that Petitioner applied for writ of certiorari and/or review before the Supreme Court of Louisiana. *Ricks*, 208 So. 3d at 383. When he filed, the Louisiana Supreme Court rejected his application and issued the following ruling on November 7, 2016: "WRIT NOT CONSIDERED. Untimely filed pursuant to La.S.Ct. Rule X § 5." *Id.* Thus, Petitioner's conviction became final on February 13, 2015, when his time for seeking further review in state court expired.[5,6] Regardless, the result is the same even if, as Petitioner maintains, he did not pursue further relief on direct appeal before the Supreme Court of Louisiana.

Petitioner did not toll the statute of limitations or otherwise extend the date on which his

---

[3] *Ricks*, 194 So. 3d at 614.

[4] TELEPHONE CALL TO LOUISIANA SECOND CIRCUIT COURT OF APPEAL, July 2, 2021 (confirming date of the mailing of the notice of the original judgment).

[5] See *Thomas v. Goodwin*, 786 F.3d 395, 398 (5th Cir. 2015) (declining to construe the petitioner's "filing as a timely writ application [before the Louisiana Supreme Court] when the Louisiana Supreme Court's Central Staff explicitly refused to do the same.").

[6] The time for seeking direct review often "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. However, "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* Here, therefore, Petitioner is not afforded an additional ninety days.

5

conviction became final when he filed his untimely application before the Louisiana Supreme Court or while his untimely application was pending before the Louisiana Supreme Court. *See Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) (explaining that the time period when an untimely application is pending on direct appeal before the Louisiana Supreme Court is not included in the "time for seeking direct review."); *see also Thomas*, 786 F.3d at 399 ("When Thomas mailed his writ application to the Louisiana Supreme Court on January 8, 2008, his writ application was nearly four months late, and we are bound by *Butler* to hold that Thomas's conviction became final when the thirty-day time limit for seeking review by the Louisiana Supreme Court expired.").

Because Petitioner's conviction became final on February 13, 2015, Petitioner had one year, or until February 13, 2016, to file a federal habeas corpus petition. However, February 13, 2016, was a Saturday; thus, Petitioner had until February 15, 2016, to file a federal habeas corpus petition.[7] Petitioner did not file this petition until, at the earliest, March 29, 2021. [doc. # 1]. Thus, his claims are barred by the one-year limitation period unless he either extended the February 15, 2016 deadline through statutory or equitable tolling or establishes, by presenting new and reliable evidence, that a fundamental miscarriage of justice excepts him from the time bar.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted

---

[7] FED. R. CIV. P. 6(a)(1)(C).

against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner applied for post-conviction relief before the trial court on August 7, 2015, tolling the limitations period. [doc. # 6, p. 3]. From when his conviction became final on February 13, 2015, to when he filed for post-conviction relief on August 7, 2015, 175 days elapsed. Petitioner, therefore, had 190 days (365-175) remaining in which to file a federal habeas corpus petition once tolling ended. Tolling ended on August 4, 2017, when the Supreme Court of Louisiana denied Petitioner's application for supervisory and/or remedial writs. *Ricks*, 222 So. 3d at 718. February 11, 2018, is 190 days after August 5, 2017. However, as February 11, 2018, was a Sunday, Petitioner had until February 12, 2018, to file a federal habeas corpus application.[8]

Petitioner waited until September 22, 2020, to file a second application for post-conviction relief in state court. [doc. # 6, p. 4]. As Petitioner did not file for post-conviction relief in state court again before February 12, 2018, he did not interrupt or toll the period of limitation. Accordingly, this petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

## II. <u>Equitable Tolling</u>

The one-year statute of limitations can be equitably tolled in rare and exceptional circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause

---

[8] FED. R. CIV. P. 6(a)(1)(C).

of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not explicitly ask the Court to equitably toll the one-year period of limitation, and nothing of record supports equitable tolling.

Petitioner does argue that the statute of limitations does not bar his petition, maintaining that he was unaware of the statute of limitations because he lacked counsel. [doc. # 6, p. 13]. He adds that he lacks the funds to hire counsel and that he has "an educational background of a handicapped child or child with disabilities . . . ." [doc. # 6, p. 14]. However, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). "[P]roceeding pro se is not a 'rare and exceptional' circumstance . . . ." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999).

Petitioner also argues that his "mental illnesses of hallucination and post-traumatic stress disorder [were] not treated by a psychiatrist/physician during the direct appeal." [doc. # 6, p. 13]. Petitioner does not argue, however, that his mental illnesses at the time of his direct appeal prevented him from filing a federal habeas corpus petition. *See Fisher*, 174 F.3d at 715 ("[A] brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling."). He further fails to specify, for instance, when or if his

8

illnesses or symptoms subsided. *See id*. ("If this event had occurred shortly before the required filing, Fisher would have a stronger case. But considering it occurred at a time so remote to his deadline, and absent a showing that he diligently pursued his application the remainder of the time and still could not complete it on time, equity does not require tolling.").

Petitioner argues further that he was incompetent "at the time of his . . . application for post-conviction relief" because he was under the influence of medications. *Id.* Petitioner does not specify which of his applications for post-conviction relief to which he refers. Regardless, he again fails to explain how his incompetency then prevented him from filing a federal habeas corpus petition later.[9] In fact, that he was able to file applications for post-conviction relief while purportedly suffering from mental illnesses and medication-induced incompetency undermines any ostensible argument that the same illnesses and incompetency prevented him from filing here.

Next, Petitioner states that he "had no knowledge of the claim(s) currently raised in this petition until [he communicated] with a jailhouse lawyer" in 2020. [doc. # 6, p. 14]. Petitioner does not contend, however, that his ignorance of the legal basis of his claims prevented him from filing this petition earlier. As above, his ignorance of the law or pro se status does not amount to an extraordinary circumstance.

Ultimately, Petitioner does not demonstrate extraordinary or exceptional circumstances. Even assuming arguendo that he did, he failed to pursue his rights diligently.[10] He waited 175

---

[9] *See Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006) (finding that the district court did not abuse its discretion in denying equitable tolling where the petitioner did not provide "specific evidence of the impact of his medical conditions on his ability to file a timely application . . . .").

[10] "Even when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations." *Hill v. Johnson*, 265 F.3d 1059 (5th Cir. 2001).

days after his conviction became final before he filed his first application for post-conviction relief before the trial court. The Supreme Court of Louisiana denied his application for supervisory and/or remedial writs on August 4, 2017. Petitioner then waited until September 22, 2020, to file a second application for post-conviction relief in state court. *See Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (holding that the petitioner did not diligently pursue his rights because he "did not seek post-conviction relief until 11 months after his conviction had become final" and offered "no explanation for his delay other than his conclusional allegation that he is a pro se litigant with limited resources.").

Accordingly, this petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

### III. Actual Innocence

The fundamental miscarriage of justice exception provides that "in the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be

presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at \*2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Here, Petitioner's claims are not predicated on his innocence. Petitioner does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of actual innocence. Petitioner thus cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's claims remain barred by the statute of limitations.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Wesley S. Ricks' Petition for Writ of Habeas Corpus, [doc. #s 1, 6, 8], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**IT IS FURTHER RECOMMENDED** that Petitioner's remaining motions, [doc. #s 12, 14, 15, 18, 19, 22, 23, 24, 25, 26, 27, 33, 34, 35, 38], be **DENIED AS MOOT**.

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the**

**undersigned is recommending dismissal without ordering Respondents to answer.**

**<u>Petitioner may raise any arguments, or present any evidence, against dismissal during the</u>**

**<u>fourteen-day objection period described below.</u>**[11]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

---

[11] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    In Chambers, Monroe, Louisiana, this 12th day of July, 2021.

                                                                                    _____
                                                                                    Kayla Dye McClusky
                                                                                    United States Magistrate Judge